**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**JUAN TERRY POWELL,**

    **Petitioner,**

**vs.**                                                       **Case No. 5:05cv201-RH/WCS**

**WARDEN J. BARRON, JR.,**

    **Respondent.**

    _____/

## REPORT AND RECOMMENDATION ON EMERGENCY PETITION

The court entered an order on October 14, 2005, giving Petitioner until November 18, 2005, to show cause why his case should not be dismissed for reasons set forth therein. Doc. 2. As explained in the order, it appeared that the case should be summarily dismissed and that any deficiencies could not be cured by amendment of the petition. *Id.*, p. 6.

Petitioner has not attempted to comply with the order or to explain why his case should not be dismissed. He filed a "verified notice of affidavit of negative averment in support by special visitation," an affidavit of mailing, a "notice of acceptance for value return for value for performance final request for closure and remedy memorandum of

record by special visitation," and a motion for summary judgment by special visitation. Docs. 4-7 (capitalization and emphasis omitted). Attached to docs. 4, 6 and 7 are copies of the first and last pages of the show cause order, stamped over with Uniform Commercial Code verbiage.

For the reasons stated in the prior order (doc. 2), incorporated herein by reference, it plainly appears he Petitioner is not entitled to any relief in this case. Any challenge to the validity of his conviction or sentence imposed in the Northern District of Alabama[1] must be brought in compliance with the successive motion provisions or savings clause of 28 U.S.C. § 2255. Doc. 2, pp. 4-5. For other claims, whether under the Uniform Commercial Code or otherwise, Petitioner must initiate a separate civil action, pay the $250.00 fee or seek leave to proceed in forma pauperis, and be subject to the Prison Litigation Reform Act. Doc. 2, p. 6.

It is therefore respectfully **RECOMMENDED** that Petitioner's emergency petition (doc. 1) and motion for summary judgment (doc. 7) be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 2, 2005.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The case in the Northern District of Alabama, Southern Division, is case number CR-99-100-05. Due to a spell checking error, the prior order erroneously replaced "CR" with "CONTROL RELEASE." Doc. 2, pp. 2 and 3. Copies of the indictment and docket in that case, stamped over with Uniform Commercial Code language, were attached to Petitioner's affidavit, attached to doc. 1.

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.